Burke Wonnell
Assistant Federal Defender
FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA
188 W. Northern Lights Blvd., Suite 700
Anchorage, Alaska 99503
Phone: (907) 646-3400
Fax: (907) 646-3480
Email: burke_wonnell@fd.org

*Counsel for Defendant Franklin Turbic Pikonganna*

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    vs.<br><br>FRANKLIN TURBIC PIKONGANNA,<br><br>    Defendant. | Case No. 3:24-CR-66 TMB MMS<br><br>**SENTENCING MEMORANDUM** |

Pursuant to a plea agreement under Federal Rules of Civil Procedure 11(c)(1)(A) and (B), Defendant Pikonganna pled guilty to one count of carrying, brandishing, and discharging a firearm during and in relation to a crime of violence. 18 USC §924(c)(1)(A)(i)-(iii). Pikonganna also admitted the criminal forfeiture allegation of the indictment in its entirety. 18 USC §924(d). Both the government and probation have recommended the statutory minimum of ten years to serve. Pikonganna agrees, and respectfully requests that the Court impose the statutory minimum sentence of ten years.

/

<u>I. Sentencing Factors</u>

Pursuant to 18 U.S.C. §3553(a), the following factors shall be considered by the Court in determining Defendant's sentence:

(1)   the nature and circumstances of the offense and the history and characteristics of the defendant;
(2)   the need for the sentence imposed –
    (A)   to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
    (B)   to afford adequate deterrence to criminal conduct;
    (C)   to protect the public from further crimes of the defendant; and
    (D)   to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
(3)   the kinds of sentences available;
(4)   the kinds of sentence and the sentencing range established for –
    (A)   the applicable category of offense committed by the applicable of defendant as set forth in the guidelines-
        (i)   issued by the Sentencing Commission [. . .]
        (ii)   that, except as provided in section 3742(g), are in effect on the date the defendant is sentenced [. . .]
(5)   and pertinent policy statement –
    (A)   issued by the sentencing commission [. . .]
    (B)   that, except as provided in section 3742(g), is in effect on the date the defendant is sentenced.
(6)   the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
(7)   the need to provide restitution to any victims of the offense.

In determining an appropriate sentence under 18 U.S.C. §3553(a), "[t]he court shall impose a sentence sufficient, but not greater

*United States v. Franklin Turbic Pikonganna*
Case No. 3:24-cr-66 TMB MMS                                      Page 2

than necessary" to satisfy the purposes outlined in subsection
(2).  <u>Id.</u>

II.  Argument

a.  Advisory Guidelines

The parties and probation agree that the applicable
guideline term of imprisonment is 10 years, which is also the
statutory mandatory minimum sentence. *See* U.S.S.G §2K2.4(b); 18
U.S.C. §924(c)(1)(A)(iii).

b.  Statutory Sentencing Criteria

1.  Nature and Circumstances of the Offense & History and
Characteristics of the Defendant

The parties and probation are in agreement that a
guidelines sentence of the ten-year mandatory minimum
appropriately reflects the nature and circumstances of the
offense and the history and characteristics of the Defendant.

Pikonganna was born in Barrow, Alaska on September 17,
2003. His parents separated when he was young, and his
grandmother reported that she believed Pikonganna had been
neglected and abused by his father. At an early age, Pikonganna
was removed from his parents' custody by the Office of
Children's Services and placed in his grandmother's care.
According to his grandmother, Pikonganna was teased extensively

Case 3:24-cr-00066-TMB-MMS    Document 38    Filed 03/11/25    Page 3 of 7

in school and struggled academically. He was diagnosed with attention deficit hyperactivity disorder and, though he made it to high school (dropping out in the twelfth grade) his functional education level is approximately that of a third grader. His grandmother indicates that Pikonganna's cognitive impairment causes him to become frustrated and to act impulsively. Pikonganna had his first contact with law enforcement when he was eleven years old.

The instant offense occurred in early 2024, when Pikonganna entered a convenience store and concealed two energy drinks and some candy bars. When he was confronted by the female owner of the store he struggled with her. The female owner pushed Pikonganna, who was armed with a .22 caliber pistol, out of the store as the male owner came to assist her. While still struggling with the female owner, Pikonganna fired a single shot which struck the male owner in the arm and then fled. The business closed for a day as a result of the incident.

Pikonganna was arrested on February 4, 2024 — less than a week after the shooting — and has remained in custody since. In an interview with police after his arrest, Pikonganna admitted that he intended to rob the convenience store but said that he

did not mean to shoot the owner. Pikonganna was twenty-one years old at the time of the incident.

A guidelines sentence appropriately balances the nature of the offense to which Pikonganna pled guilty against the circumstances of his youth, upbringing, and intellectual struggles. Both the government and probation agree.

2. The Need for the Sentence Imposed

Similarly, both the government and probation agree that a mandatory minimum sentence of 10 years reflects the seriousness of the offense, affords adequate deterrence, and is sufficient to protect the public. This militates heavily in favor of the agreed-upon sentence.

Moreover, Pikonganna is a youthful offender. While probation points out that previous, non-custodial sentences have failed to deter Pikonganna, it must be underscored that Pikonganna has had few custodial sentences. It appears that the longest period of active time incarceration previously imposed on Pikonganna at sentencing was 35 days. The agreed-upon sentence in this case represents more than a hundred-fold increase in active time.

Upon release, Pikonganna will have spent the majority of his adult life in custody. Any more would be greater than

Case 3:24-cr-00066-TMB-MMS    Document 38    Filed 03/11/25    Page 5 of 7

necessary to reflect the seriousness of the offense, the need for deterrence, or public protection. And neither would a longer sentence be the most effective manner of providing Pikonganna with training, medical care, or correctional treatment. Thus, a mandatory minimum sentence is appropriate to satisfy the purposes of 18 U.S.C. §3553(a).

### 3.  Other Factors

Because the applicable guidelines sentence is also the statutory minimum, the other §3553(a) factors weigh in favor of the agreed upon sentence. The guidelines explicitly prefer a mandatory minimum sentence, which in this context furthers the statutory goal of treating similarly situated defendants alike and avoiding unwarranted disparities in sentencing.

### III.  Conclusion

For the aforementioned reasons, the Court ought to accept the recommendation of the parties and probation and impose a mandatory minimum of sentence of ten years.

/

/

/

/

*United States v. Franklin Turbic Pikonganna*
Case No. 3:24-cr-66 TMB MMS                                                Page 6

DATED at Anchorage, Alaska this 11th day of March, 2025.

Respectfully submitted,
FEDERAL PUBLIC DEFENDER
DISTRICT OF ALASKA

*/s/ Burke Wonnell*
Burke Wonnell
Assistant Federal Defender

Certificate of Service:
I hereby certify that I electronically filed the foregoing and any attachments with the Clerk of Court for the United States District Court for the District of Alaska by using the district's CM/ECF system on March 11, 2025. All participants in this case are registered CM/ECF users and will be served by the district's CM/ECF system.
*/s/ Burke Wonnell*