MICHAEL J. HEYMAN
United States Attorney

AMY E. MILLER
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, AK 99513-7567
Phone: (907) 271-5071
Email: amy.miller@usdoj.gov
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>FRANKLIN PIKONGANNA,<br><br>Defendant. | No. 3:24-cr-00066-TMB-MMS |

**MEMORANDUM ON SPEEDY TRIAL ACT**

The Defendant pled guilty to Count 2 of the Indictment pursuant to a plea agreement on November 15, 2024. Dkt. 27. Sentencing in this matter was originally set for February 19, 2024, but was rescheduled first to March 19, 2025 and then to April 8, 2025 based on Court availability. Dkts. 34, 37, 42. At the April 8 hearing the Defendant requested a 90-day continuance in order to hire private counsel. Dkt. 43. The Court reset the matter for a status hearing on April 16 and asked the parties to address the speedy trial clock.

18 U.S.C. § 3161(h)(1)(G) excludes time related to: "delay resulting from consideration by the court of a proposed plea agreement to be entered into by the defendant

and the attorney for the government." Under this provision when a plea agreement has been submitted to the court, the time between when a defendant has pled guilty and is awaiting sentencing may be excluded. *United States v. Solorzano-Rivera*, 368 F.3d 1073, 1077 (9th Cir. 2004). Additionally, the Ninth Circuit has also stated "[t]he Speedy Trial Act addresses the time requirements between indictment and trial, but does not address sentencing." *United States v. Parks*, 285 F.3d 1133, 1143 (9th Cir. 2002). There may however be a Due Process consideration requiring the Court to determine if a delay in sentencing is reasonable. *See Betterman v. Montana*, 578 U.S. 437, 447-49 (2016)(holding the Sixth Amendment's Speedy Trial Clause does not apply once a defendant has been found guilty at trial or pleaded guilty to criminal charges.); Fed. R. Crim. P. 32(b)(1); *see also United States v. Martinez*, 837, 866-67 (9th Cir. 1988).

Alternatively, the Defendant's request may fall under § 3161(h)(7) if the Court were to make findings that the ends of justice served by the continuance outweigh the best interest of the public and the defendant in a speedy trial. Under § 3161(h)(7)(B)(iv) a factor to consider is would a "failure to grant such a continuance…deny the defendant reasonable time to obtain counsel…."

Ultimately § 3161(i) applies if a defendant withdraws their plea and is not an excludable delay provision. Instead, it informs the Court and parties that a new 70-day period begins to run from the date of the order permitting withdrawal of the plea. *United States v. Carter*, 804 F.2d 508, 511-13 (9th Cir. 1986) It "substitutes an artificial indictment date for the actual indictment date when calculating the seventy-day period." *United States v. Wickham*, 30 F.3d 1252, 1254 (9th Cir. 1994). Because there has not been a request to

*U.S. v. Pikonganna*
3:24-cr-00066-TMB-MMS          Page 2 of 3
Case 3:24-cr-00066-TMB-MMS     Document 47     Filed 04/11/25     Page 2 of 3

withdraw the plea or an order on any such request, this provision does not apply at this time.

Based upon the procedural status of this case, the current period of time between the change of plea hearing and the date of sentencing is excluded under § 3161(h)(1)(G).

RESPECTFULLY SUBMITTED April 11, 2025 at Anchorage, Alaska.

MICHAEL J. HEYMAN
United States

/s Amy E. Miller
AMY E. MILLER
Assistant United States Attorney
United States of America

## CERTIFICATE OF SERVICE

I hereby certify that on April 11, 2025 a true and correct copy of the foregoing was served electronically on all counsel of record.

/s Amy E. Miller

*U.S. v. Pikonganna*
3:24-cr-00066-TMB-MMS                Page 3 of 3
Case 3:24-cr-00066-TMB-MMS    Document 47    Filed 04/11/25    Page 3 of 3